

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CASE NO. 1:09-CR-76 |
| VALETTA D. SIMMONS | § § § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 4, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant,, on **Count I** of the charging **Information** filed in this cause. Count I of the Information charges that between on or about October 14, 2005, and

on or about October 11, 2006, in the Western District of New York,[1] the defendant, Valetta D. Simmons, did knowingly steal and convert to her own use without lawful authority, money of the United States, to wit, $6,317 in benefits provided by the Federal Emergency Management Agency (FEMA) for Hurricane Rita relief, to which the defendant was not entitled, all in violation of Title 18, United States Code, Section 641. *See Information*.[2]

Defendant, Valetta D. Simmons, entered a plea of guilty to Count I of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the

---

[1] This proceeding was originally filed in the United States District Court for the Western District of Texas. The Defendant consented to transfer of the case to this District for purposes of a guilty plea and sentence in accordance with Federal Rule of Criminal Procedure 20. Jurisdiction was transferred and accepted by United States District Court for the Eastern District of Texas on June 3, 2009, and the case was assigned to the docket of United States District Judge Ron Clark.

[2] The Court admonished the Defendant about proceeding by Information and the Defendant agreed to waive her right to indictment on the record at the guilty plea hearing.

plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

  d.  That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that her conduct falls within the definition of the crimes charged under 18 U.S.C. § 641.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented evidence with the plea agreement. *See Factual Basis, Included in Plea Agreement.* In support, the Government would prove that Defendant, Valetta D. Simmons, is one and the same person charged in the Information and that the events described in the Information occurred in the Western District of New York. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Information through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the Court incorporates the proffer of evidence described in detail in the factual basis portion of the plea agreement.

Defendant, Valetta D. Simmons, agreed with the evidence included in the plea agreement. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty plea

knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement.[3] Accordingly, it is further recommended that, Defendant, Valetta D. Simmons, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 641.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject her plea. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3).

---

[3] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 10th day of August, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE